[Civ. No. 3288. First Appellate District, Division One.—October 5, 1920.]

## CLARENCE W. WALLERICH, Respondent, v. E. BLOCK, Appellant.

[1] CONTRACTS—ACTION TO RECOVER COMMISSIONS — PERFORMANCE OF SERVICE AS AGREED—FINDING—EVIDENCE—APPEAL.—In an action to recover certain commissions alleged to have been earned by plaintiff by assisting the defendant in selling merchandise, if the contract was not explicit in setting forth the work which plaintiff was to do, and the evidence, consisting solely of the testimony of plaintiff and defendant, as to what services were performed by plaintiff is conflicting, the finding of the trial court that plaintiff assisted the defendant in accordance with the terms of his contract will not be disturbed by the appellate court.

[2] ID.—ATTEMPT TO COMPROMISE—ADMISSION OF EVIDENCE—WAIVER OF OBJECTION.—In such action, testimony of negotiations between the parties, to the effect that they attempted to reach a settlement of their differences and that an effort of compromise was made by the defendant before the suit was brought, having been received in evidence without objection from the defendant, he cannot urge on appeal that such testimony should have been rejected.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel T. Bush for Appellant.

Greeley & Greeley and Hugh F. Keon, Jr., for Respondent.

WASTE, P. J.—Plaintiff seeks to recover certain commissions which he alleges he earned by assisting the defendant in selling merchandise in Vladivostok, Siberia. Plaintiff had judgment. Defendant made a motion for a new trial, which was denied, and he now appeals. In support of his motion for a new trial, defendant urged, as one ground, the insufficiency of the evidence to justify the decision of the court and that it is against law.

The cause of action is based upon a letter written by the appellant to the respondent while both of them were at Kobe, Japan, which, in part, is as follows: "Confirming your letter of January 17th, 1919, relative to taking a trip with me to Vladivistok and Harbin for the purpose of assisting in selling such commodities as piece goods, dry goods and shoes, it is understood and agreed that the two per cent (2%) commission for such services is payable only on such orders which may be accepted by the firms in America and shipped by them and paid for by the buyers. Commissions are to be paid you as soon as I receive my commissions from the shippers.

"Any other transactions during the above trip, that is, outside of the dry goods and shoe lines, which may be put through in connection with Messrs. Sterling, Foster Co., San Francisco, it is understood that the profits derived thereof will be divided a third each, viz., one-third to yourself, one-third to Messrs. Sterling, Foster Co., San Francisco, and one-third to myself."

As was well said by the trial judge, "the contract is not explicit in setting forth the work which the plaintiff was to do in connection with the selling of merchandise described in the contract. . . . When such a condition arises as a result of ambiguity in the language of a contract, you can't better resolve the matter than by applying to the case the practical constructions which the parties themselves would seem to have given to the contract." [1] After entering into their arrangement, the parties went to Vladivostok and remained there seventeen days. They secured a place in

which to exhibit defendant's samples. Plaintiff testified that he had charge at the sample-room, remaining there until 10 or 11, and, upon one occasion, until 1 o'clock at night. He wrote out the orders received by the defendant, sorting out, and marking down the numbers of the samples, and attended to the correspondence. He solicited business for the defendant, during the noon hour, and when he was at lunch. He knew various people in Vladivostok whom he told what the defendant and he were doing there, and endeavored to arrange meetings with the defendant and prospective purchasers, but the defendant was too busy to see them and left the place after securing a few orders.

Defendant testified that plaintiff told him that he had been in Siberia before; that he knew the customs of the Russian people and how to handle them, and that if any sales could be made he was the one to do it, but that plaintiff did nothing beyond copying some orders on his typewriter; that he did nothing at all to assist him, and that he saw him on only a few occasions. No other witnesses testified as to those matters. On such testimony we will not disturb the finding of the trial court that the plaintiff assisted the defendant in accordance with the terms of his contract.

[2] The trial court admitted testimony of negotiations between the parties, to the effect that they attempted to reach a settlement of their differences, and that an effort of compromise was made by the appellant before this suit was brought. Appellant assigns the admission of this evidence as error, claiming that the testimony may have influenced the court in reaching its decision. We are unable to say that it did or did not. The testimony was received without objection and the appellant cannot now urge that it should have been rejected.

The judgment is affirmed.

Richards, J., and Beasly, J., *pro tem.*, concurred.